## CHARLES D. STEWART et al. *v.* POLICE JURY OF POINTE COUPÉE.

There can be no vested interest in any inhabitant in the public highways and bridges, as that also would imply a right to control the action of the Police Jury. Citizens are subject to the legal ordinances of the Police Jury as they are to the laws.

APPEAL from the District Court of the Parish of Pointe Coupée, *Ratliff*, J. *J. H. Halsey*, for plaintiffs and appellants. *A. Provosty*, for defendants and appellees.

MERRICK, C. J. Plaintiffs' counsel states their case as follows, viz:

"This case comes up from a decision of the District Court upon a peremptory exception to plaintiffs' demand.

" The facts of this case are these : By a resolution of the Police Jury of the parish of Pointe Coupée, passed at a regular session on the 7th day of September, 1857, the parish, or the Police Jury as its agents, proposed to build all bridges upon public roads across natural drains and bayous, that were thirty-five feet long and upwards : a provision was attached to the resolution, which required that commissioners should be appointed by the Jury, who should measure the length of the bridge or bridges to be built, and estimate the cost of building the bridge or bridges so to be built at the parish expense ; they were furthermore empowered to contract with any builder for the building or constructing of the bridge or bridges, without any further authority from the Police Jury than was conferred upon them by their appointment as commissioners, and before any special appropriation was made for the costs of building the bridge or bridges so adopted by the parish as public works, and to be built at the parish expense.

" Under the provisions of this law an application was made on the 1st day of June, 1858, by the inhabitants of Bayou Letsworth, through a petition or memorial to the Police Jury of the parish, presented by the member of the district in which police jury ward this bayou is situated. This petition was made and presented in order to obtain for Bayou Letsworth the benefit of the before-cited resolution, and asked that the proper steps should be taken by the Jury, so that the six bridges which are on the public road on the west side of the Letsworth and which cross bayous falling into that bayou, should be built under the provisions of that law.

" According to, and under the special provision of the beforementioned resolution, commissioners were appointed by the Police Jury, on the 1st day of June, at a regular session, to measure the length of the said six bridges, and to estimate the cost of making them, they complied with the law, and made their report through the same member who had presented the original petition, but deeming it the more expedient plan, and having in view the avoidance of all difficulties which might arise between them and the contractor or contractors who might purchase the building, as by the tenor of the resolution first recited, they were empowered to let them out at contract to the lowest bidder, without further authority, they asked of the Jury an appropriation which they deemed sufficient to build the bridges, the appropriation was refused, and subsequently, at the same meeting of the Police Jury, the law making it the duty of the parish to build all bridges that may hereafter require to be built across natural drains, was repealed. The refusal to appropriate, and the passage of this repealing law, gave rise to the present action by the plaintiffs, in order to compel by law the performance of what is considered by them as a contract mutually agreed upon, and the obligations of which were mutually entered into in good faith, from the time of the demand by plaintiffs through their memorial, which they consider as an acceptance on their part of the proposal to build the bridges at the parish expense."

The judgment of the lower court being in favor of the defendants, the plaintiffs appeal.

We think it quite clear that the plaintiffs' counsel has not stated any cause of action. A certain portion of the sovereign power has been delegated to the police juries. Among other things, they have the power to make all such regulations as they shall deem expedient " as to the proportion and direction, the making and repairing of the roads, bridges, causeways, dikes, levees and other highways.

This grant of power is entirely inconsistent with any control on the part of the

inhabitants of certain neighborhoods over the roads and bridges made under the general ordinances of the parish.

There can be no vested interest in any inhabitant in the public highways and bridges, as that also would imply a right to control the action of the Police Jury. A thing incompatible with a delegation of power to be used for the greatest good to the greatest number.

There was no contract, because a contract implies at least two parties who enter into an engagement. Nothing has been stipulated between *Charles D. Stewart* and the other inhabitants of Letsworth. They are citizens, subject to the legal ordinances of the Police Jury as they are to the laws, without power to prevent a repeal or modification, except in common with the other citizens, through the ballot box or the proper representations made to the members of the Police Jury themselves. See *Layton* v. *City of New Orleans*, 12 An, 515.

Judgment affirmed.